## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALDO ORTEGA, | ) |
| | ) |
|        Plaintiff, | ) |
| vs. | )   Case No. 20-cv-036-NJR |
| | ) |
| CONNIE HALLIDAY, | ) |
| TANYA FORD, | ) |
| ANN LAHR, | ) |
| DAVID RAINS, | ) |
| JOSEPH BLAHA, | ) |
| ENATE AKPORE, | ) |
| JOSEPH PATE, | ) |
| APRIL WAMPLER, | ) |
| MICHELLE NEESE, | ) |
| ERNEST W. VANZANT II, | ) |
| RYAN ERICKSON, | ) |
| and MICKEY WALTON, | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Aldo Ortega is a former inmate of the Illinois Department of Corrections ("IDOC") who was placed on Mandatory Supervised Release ("MSR")[1] on August 19, 2019. (Doc. 1, p. 2). On January 9, 2020, he filed the instant civil rights lawsuit pursuant to 42 U.S.C. § 1983. (Doc. 1). He claims that Defendants, all IDOC officials, violated his constitutional rights and Illinois law by refusing to approve his proposed MSR residential placement and/or failing to assist him in finding an alternative placement. As a result, Plaintiff remained in prison for four years during which he asserts he was eligible to be released on MSR. He seeks monetary damages for that excessive incarceration. (Doc. 1, p. 21).

---

[1] The terms "parole" and "MSR" are used interchangeably in the Complaint and in this Order as they relate to Plaintiff's status. *See People v. Lee*, 979 N.E.2d 992, 1000-01 (Ill. App. Ct. 4th Dist. 2012) (describing distinction between "parole" and "MSR").

1

This case is now before the Court for a preliminary merits review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] Under 28 U.S.C. § 1915(a)(1), an indigent party may file and proceed with a lawsuit without pre-payment of the filing fee. However, a court can deny an indigent plaintiff leave to proceed *in forma pauperis* ("IFP") or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). This section compels dismissal of the action if the Court finds that one of these criteria applies:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added).

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court previously granted Plaintiff's IFP motion (Doc. 15) as his affidavits (Docs. 2 & 6) demonstrate he is indigent. However, the Court did not conduct a merits review of the Complaint at that time.

---

[2] The Court inadvertently indicated that merits screening would take place under 28 U.S.C. § 1915A. (Docs. 10, 11, 14). Section 1915A applies only to an incarcerated plaintiff, not to a former prisoner who filed the Complaint after being released. 28 U.S.C. § 1915A(c).

## THE COMPLAINT

Plaintiff makes the following allegations in his Complaint: He is a convicted sex offender who was initially released on MSR on December 16, 2013, and he was approved to live at his parents' residence in Melrose Park, Illinois. (Doc. 1, pp. 2, 8). His term of MSR is from 3 years to life. (Doc. 1, p. 10). On August 5, 2015, he was taken back into custody by parole agent Joseph Blaha, pursuant to a warrant for an alleged violation of his MSR conditions.[3] (Doc 1, pp. 2, 8). Blaha requested that Plaintiff's parents' home where the alleged violation occurred be "deemed unsuitable" for Plaintiff to serve the remainder of his MSR term, thus Plaintiff remained in IDOC custody until August 19, 2019. (Doc. 1, pp. 2, 17-18). On that date, Plaintiff was re-released on MSR, to again reside at his parents' home which had previously been rejected as a host site.[4] *Id.*

Enate Akpore, of the sex offender supervising unit, issued the parole violation warrant in August 2015 at the request of Blaha. (Doc. 1, pp. 8-9, 18). The violation report alleged that Plaintiff had violated conditions #15 and 16 of his MSR, which involved possession of alcohol, smart phones, computer, and sexually explicit material, and failure to comply with sex offender counseling, computer/internet restrictions, and GPS monitoring.

Plaintiff remained in custody at the Big Muddy River Correctional Center ("BMRCC"), where a parole revocation hearing was held in September 2015 and rescheduled for March 2016. (Doc. 1, pp. 9-10). Plaintiff met with a member of the Prisoner Review Board ("PRB") on March 15, 2016. He requested to be declared in violation of MSR, but this was refused, and the revocation

---

[3] Plaintiff filed two lawsuits in the Northern District of Illinois seeking relief related to the August 2015 search of his home that led to his reincarceration and the PRB's decision to revoke his MSR. *Ortega, et al. v. Blaha, et al.*, Case No. 17-cv-5610 (N.D. Ill. dismissed Nov. 9, 2017); and *Ortega, et al. v. Treppins, et al.*, Case No. 18-cv-5569 (N.D. Ill. dismissed Nov. 7, 2018). The first was dismissed for failure to state a claim upon which relief may be granted, and the second was dismissed on *res judicata* and timeliness grounds. Blaha and Akpore were defendants in both suits.

[4] At some point, Plaintiff became an "inherited owner" of his parents' home. (Doc. 1, p. 8). His father is now deceased, and his mother is still living. (Doc. 6, p. 4).

hearing was continued for another six months. (Doc. 1, p. 10). Ernest W. Vanzant, a records office supervisor at BMRCC, issued a memorandum directing that because Plaintiff was on 3-to-life MSR, the PRB should not find him in violation but should instead continue his revocation hearing so that BMRCC field services staff could assist Plaintiff in finding suitable housing; Plaintiff identifies this memo as the reason he remained in prison.[5] (Doc. 1, pp. 10, 14-15). The PRB member then noted Plaintiff was in violation of condition #5 (not having a suitable host site). Plaintiff claims, however, that his original host site had not been declared ineligible and continued to be approved by IDOC. (Doc. 1, p. 10). Connie Halliday, BMRCC field service representative, attended the hearing on March 15, 2016, and assured the PRB member and Plaintiff she would assist him to find housing to continue his MSR. *Id.*

Immediately after the PRB hearing, Plaintiff submitted a request to Halliday for approval of his parents' address as a host site. Halliday rejected that site and refused to submit it into the Offender Tracking System ("OTS"). (Doc. 1, pp. 11, 15). She told him to propose another one, otherwise he would have to go back to the PRB every six months for as long as they chose. (Doc. 1, p. 11).

Between March 15, 2016, and March 29, 2016, Plaintiff tried without success to obtain a copy of the March 15, 2016 PRB order and Vanzant's memorandum. On August 10, 2016, Plaintiff was transferred to Robinson Correctional Center ("Robinson"). On September 7, 2016, a PRB

---

[5] While he was still in prison, Plaintiff previously filed suit in this District against some of the same Defendants named in this case based on the same factual scenario. *Ortega v. Halliday*, *et al.*, Case No. 17-cv-1091-NJR. Several defendants, including Ann Lahr, April Wampler, Ernest W. Vanzant, and Ryan Erickson, were dismissed from the action without prejudice upon initial screening. (Doc. 18, Case No. 17-1091). On November 21, 2019, this Court granted summary judgment to the remaining defendants (including Connie Halliday and David Rains) on Plaintiff's Fourteenth and Eighth Amendment claims (Counts II and III in that case), concluding the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 127, Case No. 17-1091).

4

member declared Plaintiff a violator (as of August 5, 2015) for not having an approved host site.[6] (Doc. 1, p. 11). Tanya Ford (corrections counselor & field service representative at Robinson) refused Plaintiff's proposed host site and did not enter it into the OTS. (Doc. 1, p. 16). On March 8, 2017, Plaintiff's proposed MSR host site (his parents' home) was "denied by field services" and he filed a grievance at Robinson. (Doc. 1, p. 12). Mickey Walton (Robinson grievance officer) responded to the grievance. (Doc. 1, pp. 12, 19). Ryan Erickson (Robinson Clinical Services Supervisor) informed Plaintiff that he spoke with an unknown supervising agent who refused to allow Plaintiff to be re-released to his parents' address. Erickson obtained and gave Plaintiff a copy of Blaha's original August 2015 violation report, which included Blaha's request not to allow Plaintiff to return to that address. *Id.*

Plaintiff claims he became eligible for re-release on August 4, 2017; he filed another grievance and "several request slips" to Warden David Rains and other Robinson officials because he remained confined. (Doc. 1, p. 13). On August 7, 2017, Plaintiff was served with a notice of alleged violations of his MSR conditions issued by Joseph Pate (IDOC parole field agent) and a warrant issued by Akpore at Pate's request. (Doc. 1, pp. 13, 18-19). April Wampler (Robinson casework supervisor) recommended to Rains that Plaintiff's grievance be denied. (Doc. 1, pp. 13, 19). Erickson and Walton also failed to promptly address the grievances or to resolve them in Plaintiff's favor, and Michelle Neese (Robinson Warden of Programs and Services) acquiesced in their handling of the grievances. (Doc. 1, pp. 19-20).

Plaintiff met with Rains over his grievance, but Rains refused to investigate the issue, denied the grievances, and delayed Plaintiff's MSR release. (Doc. 1, pp. 13-14, 17). Rains "g[a]ve

---

[6] In his Complaint in Case No. 17-cv-1091-NJR, Plaintiff alleged that the PRB official who conducted the September 7, 2016, hearing decided that Plaintiff should be re-confined for a 2-year period as a result of the violation. (Doc. 18, p. 6 in Case No. 17-1091).

authority to the IDOC and its agents to investigate a proposed host site and not the PRB." (Doc. 1, pp. 13-14). Plaintiff claims that as of September 2015, the PRB had ordered him to be released "promptly" on MSR and to his parents' residence. (Doc. 1, p. 14).

Ann Lahr (Administrative Review Board member) denied Plaintiff's grievance over the denial of his proposed host site. (Doc. 1, p. 16).

Plaintiff sues each Defendant in his or her individual capacity only. (Doc. 1, pp. 3-7).

## PRELIMINARY DISMISSALS

Plaintiff raises a number of legal claims against Defendants Walton, Wampler, Neese, and Lahr. But the only conduct Plaintiff complains of was these parties' involvement in responding to the grievances he filed to contest decisions made by other officials. (Doc. 1, pp. 12-13, 16, 19-20). In order to be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Under this authority, these Defendants, who merely responded to Plaintiff's grievances, were not "personally involved" in the allegedly unconstitutional rejections of Plaintiff's proposed MSR host site and refusals to release him from prison. Accordingly, Defendants Lahr, Wampler, Neese, and Walton shall be dismissed from the action without prejudice because Plaintiff has failed to state a claim against them upon which relief may be granted.

Defendant Erickson likewise had a role in addressing Plaintiff's grievances. Plaintiff additionally states that Erickson provided Plaintiff with documentation regarding Blaha's opposition to his proposed MSR site. (Doc. 1, pp. 12, 19). That action did not violate Plaintiff's

6

constitutional rights, but instead would seem to have helped him pursue his claims against Blaha. Plaintiff fails to state a claim against Defendant Erickson upon which relief may be granted, thus he shall also be dismissed without prejudice.

Plaintiff's claims against Halliday and Rains are barred by the doctrine of *res judicata* (claim preclusion). He sued both these individuals in *Ortega v. Halliday, et al.*, Case No. 17-cv-1091-NJR, and his claims in that lawsuit were based on Halliday's and Rains' conduct that occurred in March 2016 (Halliday) and August 2017 (Rains). (Doc. 18, pp. 4-5, 7-8, in No. 17-1091). On November 21, 2019, this Court concluded that Plaintiff's Fourteenth and Eighth Amendment claims (Counts II and III in that case) were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff was seeking to terminate the MSR portion of his sentence. This Court granted summary judgment in No. 17-1091 to Halliday and Rains, and the action was dismissed with prejudice. (Docs. 127 & 128, in No. 17-1091).

*Res judicata* prevents a party from attempting to relitigate a claim that was previously decided on its merits in a final judgment. This doctrine applies when there is: "(1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts)." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). All three factors are met here. A comparison of the operative facts in the current Complaint with those in No. 17-1091 reveals that Plaintiff is suing Halliday once again for her conduct that occurred in March 2016 at BMRCC, and suing Rains over his actions and omissions at Robinson in August 2017 – the identical factual allegations that formed the basis for Plaintiff's first lawsuit in this Court. "Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Bell v. Taylor*, 827 F.3d 699, 707 (7th Cir. 2016) (quoting *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011)). To be sure, Plaintiff is seeking

7

different relief in the instant action, and raises some legal claims that he did not assert in the earlier suit. However, *res judicata* "prohibits relitigation not only of claims already decided in a prior proceeding, but also those that could have been litigated in that proceeding based on the same operative facts." *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (citing *Palka*, 662 F.3d at 437). Plaintiff raised his Eighth and Fourteenth Amendment claims against Halliday and Rains, based on the same operative facts, in the earlier proceeding. He could have raised his additional claims based on Illinois law in that case as well. Halliday and Rains shall therefore be dismissed from this action with prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action against the remaining Defendants (*See* Doc. 1, pp. 14-20):

Count 1: Ford, Blaha, Akpore, Pate, and Vanzant subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by their actions or omissions that resulted in the continuation of his IDOC confinement and denial of release on MSR while he had an approved host site at his parents' home, which subjected Plaintiff to four years of additional incarceration.

Count 2: Ford, Blaha, Akpore, Pate, and Vanzant violated Plaintiff's right to substantive due process under the Fourteenth Amendment by their actions or omissions that resulted in the rejection of his proposed MSR host site, denial of release on MSR to his parents' home, and/or failure to investigate alternative MSR host sites.

Count 3: Ford, Blaha, Akpore, and Pate violated Plaintiff's right to procedural due process under the Fourteenth Amendment by their actions or omissions that resulted in the rejection of his proposed MSR host site, denial of release on MSR to his parents' home, and/or failure to investigate alternative MSR host sites.

Count 4: Akpore and Pate violated Plaintiff's right to equal protection under the Fourteenth Amendment by their actions or omissions that resulted in the rejection of his proposed MSR host site and denial of release on MSR to his parents' home.

>   Count 5: Ford, Blaha, Pate, and Vanzant violated Plaintiff's due process and/or equal protection rights under the Illinois Constitution, Article 1, sec. 2, and his right to remedy and justice under Article 1, sec. 12, by their actions or omissions that prevented his release on MSR to his parents' home.
>
>   Count 6: Akpore and Pate violated the warrant clause of the Fourth Amendment by issuing or requesting an MSR violation warrant for Plaintiff on or about August 4, 2017, even though Plaintiff was in custody at Robinson.
>
>   Count 7: Pate violated the warrant clause of the Illinois Constitution, Article 1, sec. 6, by requesting issuance of a warrant for Plaintiff on or about August 4, 2017, even though Plaintiff was in custody at Robinson.
>
>   Count 8: Ford, Blaha, Akpore, Pate, and Vanzant's actions or inactions violated Illinois state law(s) including assault, false imprisonment, and/or conspiracy.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[7]

### Count 1

Plaintiff's allegation that he was incarcerated for longer than he should have been because of Defendants' deliberate indifference states an Eighth Amendment claim that cannot be dismissed at this juncture. *See Childress v. Walker*, 787 F.3d 438, 439 (2015) (citations omitted) ("incarcerating a person beyond the term of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment.")); *see also Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001).

Plaintiff's previous lawsuits against Blaha and Akpore in the Northern District of Illinois

---

[7] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

9

raised claims based on Blaha's August 5, 2015 search of Plaintiff's residence; Akpore authorized Blaha to take Plaintiff into custody based on the results of that search. *Ortega, et al., v. Blaha, et al.*, Case No. 17-cv-5610 (N.D. Ill. Doc. 20). Here, Plaintiff's claims against Blaha and Akpore focus on their actions that prevented Plaintiff from being re-released on MSR to his parents' home. At this stage, the Court cannot conclude that the doctrine of *res judicata* would clearly bar the claims Plaintiff raises herein against Blaha and Akpore, because the operative facts underlying his claims appear to have arisen after the August 5, 2015 search. *See McDonald*, 840 F.3d at 346. Plaintiff's claims against Blaha and Akpore will not be dismissed at this stage.

Plaintiff may proceed on Count 1 against Defendants Ford, Blaha, Akpore, Pate, and Vanzant.

### Counts 2 through 8

The allegations in the Complaint are sufficient, at this stage, for Plaintiff to proceed on these claims against the associated Defendants who remain in this action.

### DISPOSITION

**IT IS HEREBY ORDERED** that **DEFENDANTS CONNIE HALLIDAY** and **DAVID RAINS** are **DISMISSED** from this action **with prejudice**.

**IT IS FURTHER ORDERED** that **DEFENDANTS ANN LAHR, APRIL WAMPLER, MICHELLE NEESE, RYAN ERICKSON,** and **MICKEY WALTON** are **DISMISSED** from this action **without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1-8** against **DEFENDANTS TANYA FORD, JOSEPH BLAHA, ENATE AKPORE, JOSEPH PATE**, and **ERNEST W. VANZANT II** survive preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and shall proceed in the instant case.

The Clerk of Court shall prepare for Defendants **FORD, BLAHA, AKPORE, PATE,** and **VANZANT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 12, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.